984 F.2d 1255
 299 U.S.App.D.C. 417
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
KELLER AND HECKMAN, Petitioner,
v.
FEDERAL COMMUNICATIONS COMMISSION and United States of
America, Respondents,
Aeronautical Radio, Inc., Association of American Railroads,
Intervenors.
 No. 91-1597.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 1, 1993.
 
 Before MIKVA, Chief Judge, and BUCKLEY and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record from the Federal Communications Commission and on the briefs submitted by the parties. See D.C.Cir.R. 13(i). After full review of the issues presented, the court concludes that appropriate disposition of the case does not warrant an opinion. See D.C.Cir.Rule 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED by this court that this petition for review be dismissed as petitioner lacks standing to sue.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 The law firm of Keller & Heckman seeks review of a Reconsideration Order issued October 10, 1991, by the Federal Communications Commission ("FCC") regarding its licensing fees. See Establishment of a Fee Collection Program to Implement the Provisions of the Omnibus Budget Reconciliation Act of 1989, 6 F.C.C.R. 5919 (1991). Keller & Heckman filed a petition for review in this court on December 10, 1991, attacking the FCC's decision to charge license fees for each ship or aircraft station in a fleet application, and the FCC's decision to require a separate check and processing form for each application submitted.
 
 
 5
 Aeronautical Radio, Incorporated ("ARINC") and the Association of American Railroads ("AAR") moved to intervene in this case on January 9, 1992 and January 16, 1992 respectively; neither intervenor entered the case within the statutory 60-day limit on challenges to FCC orders. See 28 U.S.C.A. § 2344 (1992).
 
 
 6
 Congress has granted standing to challenge FCC orders only to parties "aggrieved" by such orders. See 28 U.S.C.A. § 2344 (1992). Keller & Heckman does not claim to be a potential applicant for an FCC ship or aircraft license, and therefore the proposed change in the FCC's fee structure does not work any concrete, actual, or imminent injury on the firm. See Lujan v. Defenders of Wildlife, 112 S.Ct. 2130, 2136 (1992). Similarly, the increased costs associated with the multiple check procedure will fall on the firm's clients and not on the firm; the firm does not have standing to challenge injuries to its clients. See id. at 2137 (the injury-in-fact test requires that the party seeking review be himself among the injured). Furthermore, this court has suggested in the past that, as a matter of prudential standing, communications lawyers do not fall within the zone of interests protected by the Communications Act. See Law Offices of Seymour M. Chase, P.C. v. FCC, 843 F.2d 517, 523 (D.C.Cir.1988) (Williams, J., concurring).
 
 
 7
 As Keller & Heckman is not a party "aggrieved" by the FCC's Reconsideration Order, it lacks standing to bring this challenge.